## WASHINGTON v. STATE. (No. 12408.)

Court of Criminal Appeals of Texas. Oct. 9, 1929.

Rehearing Denied Nov. 20, 1929.

Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, murder; penalty, three years in the penitentiary.

Appellant killed Johnnie Smith. There were present at the time the father and mother of appellant, as well also as his sister, Lena May, and brother, A. B. Apparently appellant's brother, A. B., and one Willie Jefferson had theretofore had some difficulty, which is referred to in the statement of state witness Chappel and which we now quote: "Mr. Washington (the defendant's father) said he was going to tell some of Willie's people to tell him to leave before daylight, and so Robert Washington said that Johnnie (the deceased) was Willie's pigeon, and so Mr. Washington (defendant's father) said he was going to tell Johnnie to tell Willie to leave before day; so he told Johnnie to tell Willie to leave there before day, and Johnnie told him, 'I don't have nothing to do with that, my mama told me not to have anything to do with it;' and Robert called Johnnie a liar, and Johnnie called him another liar, and Robert hit Johnnie with his fist, and then Lena May hit Johnnie with a piece of iron along here (indicating), and A. B. throwed a rock at Johnnie, and Johnnie grabbed the piece of iron that Lena May hit him with and hit Robert Washington along here, so Robert raised up then and shot him."

Many bills of exception appear in the record, but they fall generally into about three groups, which we dispose of without discussing the bills seriatim.

■ Objections were made to the acts and declarations of members of appellant's family present at the difficulty, particularly the one quoted above; it being contended that it related to acts between other and different parties without showing any connection of said parties with the offense charged. The transaction for which appellant was on trial apparently began with the statement of his father quoted above and ended, without any break in the sequence of events, in the killing. These several statements and acts were part of the res gestæ. Moreover, they appear to have been acts and declarations of participants in the difficulty with appellant and in his presence and were, we think, clearly admissible. Underhill's Criminal Evidence (3d Ed.) par. 168. Such have been held admissible even where they involve proof of a distinct crime, if they are so blended and connected with one another and with the crime charged as to form an indivisible criminal transaction. Underhill's Criminal Evidence (3d Ed.) pars. 152 and 160; Robbins v. State, 73 Tex. Cr. R. 367, 166 S. W. 528; Branch's P. C. § 166.

■ Many bills of exception were taken to the asking of alleged leading questions. It has been many times held that same do not present reversible error in the absence of a showing of prejudice. Assuming that all the questions quoted were leading, they were not of a prejudicial character, and no error is shown by any of these bills. West v. State, 2 Tex. App. 474; Hill v. State, 76 Tex. Cr. R. 269, 173 S. W. 1022, 1024; Branch's P. C. p. 90 and § 159.

■■ Bills of exception were taken to the

admission of the arresting officer's testimony that he placed appellant under arrest about a mile and a half from the scene of the killing something like an hour thereafter. Appellant strenuously insists that this was prejudicial, and cites the case of Bennett v. State, 39 Tex. Cr. R. 639, 48 S. W. 61, 67. In the instant case the killing of deceased by appellant was not denied. The same appears to have been admitted, appellant claiming that it occurred in self-defense. Obviously, the rule announced in the Bennett Case has no application here, as the testimony of the arresting officer in that case amounted to the expression of an opinion that accused was guilty, it being one of circumstantial evidence and the identity of the slayer being a matter of controversy. The evidence was admissible as tending to show flight. Underhill's Criminal Evidence, par. 203. Moreover, if inadmissible, the circumstances detailed by the officer were not of a prejudicial character and would not be such as would justify a reversal.

The facts shown in the record make a close case of self-defense. The jury, however, has resolved this issue against appellant, and we are not at liberty to disturb such verdict; there being evidence to support it.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. In his motion for rehearing appellant insists that reversible error was committed by the trial court in admitting proof of acts and declarations of parties not connected with the homicide. With this question before us we have carefully re-examined all the facts together with the bills of exception, and we must confess our inability to discover sound basis for the complaint. It arises particularly with reference to the testimony of a witness by the name of Chappel, a 13 year old negro boy, and the part of his testimony particularly complained of is set out in our original opinion. His detail of the matters immediately preceding the killing may not be very clear, but it does not offend against the rule invoked by appellant to the extent of requiring a reversal. Appellant's brother and one Willie Jefferson had had some previous trouble, the details of which were not gone into upon the trial of this case. Chappel's version of the things leading up to the homicide was that appellant's father was seeking some one to carry a message to Willie Jefferson that he had better leave before daylight, and appellant suggested that deceased would carry the message, and when deceased demurred to this he and appellant became involved in a controversy which resulted in the death of deceased. At least this was Chappel's version of the matter.

Not being able to discover merit in appellant's renewed contention, the motion for rehearing is overruled.